**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

DEWEY BARNETT,                               )
                                             )
        Plaintiff,                           )
                                             )
      v.                                     )      No. 1:26-cv-00022-PLC
                                             )
RICHARD TROUT et al.,                        )
                                             )
        Defendants.                          )

**MEMORANDUM AND ORDER**

Dewey Barnett, a self-represented state prisoner, alleges violations of his constitutional rights arising from the handling of his legal mail. [ECF No. 1]. He seeks leave to pursue this action *in forma pauperis* and the appointment of counsel. [ECF Nos. 2, 3]. For the reasons below, the Court denies both motions.

**I.    Motion for leave to proceed *in forma pauperis***

The Prison Litigation Reform Act (PLRA) is designed to "filter out the bad [prisoner] claims and facilitate consideration of the good." *Jones v. Bock*, 549 U.S. 199, 204 (2007). One mechanism for doing so is the three-strikes provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

During his incarceration, the Court has dismissed at least three of Barnett's actions for failure to state a claim upon which relief may be granted. *See Barnett v. Fox et al.*, No. 4:25-cv-00307-SPM (E.D.Mo. May 13, 2025); *Barnett v. Fox*, No. 4:25-cv-01206-JSD (E.D. Mo. Aug. 27, 2025); and *Barnett v. Hill et al.*, No. 1:25-cv-00167-JMB (E.D. Mo. Oct. 8, 2025). The Court takes judicial notice of those cases. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records"). Because Plaintiff has accumulated three strikes under § 1915(g), the Court cannot grant him leave to proceed *in forma pauperis* in this matter unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff does not assert that he is under imminent danger of serious physical injury. Therefore, the Court denies his motion to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(g).

**II.      Motion for appointment of counsel**

Plaintiff has also filed a motion for appointment of counsel. [ECF No. 3]. Civil litigants do not have a constitutional or statutory right to appointed counsel. *Watson v. Moss*, 619 F.2d 775, 776 (8th Cir. 1980); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

Having considered these factors, the Court finds that the appointment of counsel is not warranted at this time. Neither the factual nor legal issues in this case appear complex. The Court may entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay the $405 filing fee **within thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED** without prejudice.

Plaintiff's failure to comply with this order will result in the dismissal of this action without prejudice and without further notice.

_____

PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 26th day of June, 2026

3